CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **AARON COLLINS,** | ) | |
| Plaintiff, | ) | Case No. 7:25CV00703 |
| v. | ) | |
| **DUFFIELD JAIL, et al.** | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **AARON RAY COLLINS,** | ) | |
| Plaintiff, | ) | Case No. 7:25CV00849 |
| v. | ) | **OPINION** |
| **DR. CHARLES HULBURT,** | ) | JUDGE JAMES P. JONES |
| Defendants. | ) | |

*Aaron Collins, Pro Se Plaintiff.*

The plaintiff filed the above-referenced civil rights actions pursuant to 42 U.S.C. § 1983. Both actions complain that during Collins's incarceration at Duffield Regional Jail, unspecified medical staff failed to provide medical assistance

regarding his shoulder injury. After reviewing the pleadings in these two factually overlapping cases, I will summarily dismiss them for failure to state a claim.

Collins alleges that his shoulder was injured in a motorcycle accident the day before he was detained and that jail medical staff have failed to treat the injury. In case number 7:25CV00703, Collins names Duffield Jail, Major Tatum, RN Kayla Mullins, Captain Golit, Lt. Halie, Lt. Barber, and Cp. Snowden as defendants. In case number 7:25CV00849, Dr. Charles Hulburt is the only defendant named. As relief, he seeks monetary damages and injunctive relief regarding treatment of his shoulder injury and transfer from the facility.

Under 28 U.S.C. § 1915A(b)(1), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Furthermore, "vicarious liability is inapplicable to . . . § 1983

suits," therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

In both pleadings, Collins vaguely asserts that "they" failed to treat his shoulder injury. Nowhere in either complaint does Collins allege any personal involvement by defendants Tatum, Mullins, Golit, Halie, Barber, Snowden, or Hulburt. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Because he has not specifically pled how the individual actions of the named defendants violated the Constitution, I cannot undertake a proper review of Collins's claims, and they must be dismissed.

To the extent that Collins alleges that defendant Dr. Hulburt should be held vicariously liable for the actions or inactions of the medical staff, such claims cannot survive where he has failed to explain what specific conduct by Hulburt violated Collins's constitutional rights. *See Iqbal*, 556 U.S. at 676 (explaining that government officials may not be held liable for conduct of their subordinates solely under a theory of respondeat superior).

Finally, Collins names Duffield Jail as a defendant. However, a jail does not qualify as a "person" subject to being sued under § 1983. *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (unpublished).

Because Collins's § 1983 claims cannot proceed against the named defendants, I will summarily dismiss both cases without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Such a dismissal leaves Collins free to refile his claims in a single new civil action if he can correct the deficiencies described.

Furthermore, Collins's Motion for Issuance of Subpoenas, Dkt. No. 9, in case number 7:25-cv-00703 will be denied as moot. A separate Judgment will be entered.

ENTER: September 8, 2026

/s/ JAMES P. JONES
Senior United States District Judge